UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY GERNHART, et al.,

           Plaintiffs,           Civil Action No.
                                      09-CV-14085
vs.
                                      PAUL D. BORMAN
WINNEBAGO INDUSTRIES, INC.,        UNITED STATES DISTRICT JUDGE

           Defendant.
_____/

## **OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

### **I. INTRODUCTION**

Plaintiffs Sandy and Terry Gernhart purchased a motor home from Defendant Winnebago Industries, Inc. in 1999. Plaintiffs allege that "the motor home was delivered with a myriad of defects and non-conformities, and that these problems have not been corrected within a reasonable time."[1] The Complaint, which was removed from Oakland County Circuit Court on August 31, 2009, contains three counts – Count I is for breach of contract; the remaining two counts are brought under the Michigan Consumer Protection Act ("MCPA"). In accordance with Michigan practice rules, Plaintiffs plead damages in an unspecified amount "in excess of $25,000."

On October 15, 2009, Defendant removed the case to this Court, contending that the Court has diversity jurisdiction over this matter. On October 27, 2009, Plaintiff filed a Motion to Remand, asserting that Defendant has not met its burden of establishing that more than $75,000 is being

---

[1] As discussed in Section II, below, this is not the first action brought by Plaintiffs against Defendant arising out of this purchase.

1

sought in this action. Defendant filed a response on November 9, 2009. Plaintiffs have not filed a reply. The Court heard oral argument on February 19, 2010. For the reasons that the follow, Plaintiffs' Motion to Remand will be granted.

## II. THE PREVIOUS ACTION

On August 13, 2003, Plaintiffs filed an action against Defendant arising out of the present purchase. *See Gernhart, et al. v. Winnebago Industries, Inc.*, No. 03-CV-73917. The parties call this case *Gernhart I* and the Court will do the same. The Complaint in *Gernhart I*, which was removed to this Court on September 30, 2003, contained five counts as follows: (I) Breach of warranty, (II) Revocation of acceptance, (III) Breach of obligation of good faith, (IV) Liability under Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, and (V) Violation of the MCPA. This Court exercised federal question jurisdiction over *Gernhart I* based on the federal claim contained in Count IV. On December 30, 2003, the Court dismissed Counts I – IV, leaving only Count V.

Thereafter, Plaintiffs filed an Amended Complaint containing the following three counts: (I) Breach of implied warranty under the Magnuson-Moss Warranty Act, (II) Breach of UCC implied warranties, and (III) Violation of the MCPA. On February 13, 2006, the Court dismissed Counts I and II, leaving only Count III.

On March 1, 2006, the parties filed a Joint Final Pretrial Order, which was signed by counsel for both parties. The Order, at pages 11-12, states that Plaintiffs are claiming economic damages in the amount of $28,646.30. The March 1, 2006, Joint Final Pretrial Order is attached as Exhibit B to Plaintiffs' Motion to Remand.

On March 27, 2006, counsel for Plaintiffs sent counsel for Defendant an e-mail stating, in pertinent part: "in talking with my clients regarding their settlement position, they have advised me

2

that I missed a number of expenses. Therefore, I have revised the exhibit and damages portion of the order to reflect my clients' actual expenses."[2] The next day, at the final pretrial conference, the parties presented to the Court a revised Joint Final Pretrial Order, which is attached to Defendant's Notice of Removal as Exhibit 4A. The proposed Joint Final Pretrial Order, which was never into the record, states, at page 12, that Plaintiffs are claiming economic damages in the amount of $93,040.16.

On April 25, 2006, counsel for Defendant notified the Court by letter of the parties' intention to resolve the case via mediation/arbitration. The agreement between the parties stated, in part, that "[t]he parties shall agree on a dispute resolution provider to conduct the mediation."

On May 31, 2006, the Court dismissed *Gernhart I* based on the parties' agreement. The dismissal order authorized the parties, "upon a showing of good cause," to "move to vacate [the dismissal] order within a period of sixty (60) days from this date if the settlement is not consummated." Neither party moved to vacate the dismissal order within sixty days.

Nearly two years later, on April 26, 2008, Plaintiffs filed a Motion to Reopen Case based on the purported unwillingness of the parties to agree on a dispute resolution provider to conduct the mediation. On July 7, 2008, the Court denied the motion on the ground that it lacked jurisdiction to enforce the agreement, thereby ending the litigation in *Gernhart I*.

Thereafter, Plaintiffs filed the instant case, which both parties stated at oral argument is a new case separate from *Gernhart I*.

### III. PLAINTIFFS' MOTION TO REMAND

#### A. The Parties' Arguments

---

[2] A copy of the e-mail is attached as Exhibit 4 to Defendant's Notice of Removal.

Plaintiffs have filed a Motion to Remand the present action to Oakland County Circuit Court, arguing that Defendant has not met its burden of establishing that more than $75,000 is being sought in this action. At oral argument, Plaintiffs stipulated on the record that they are claiming less than $60,000 in damages in this case. Plaintiffs stated that they are willing to be bound by this stipulation.

Defendant, on the other, argues that it has met its burden of establishing that the amount in controversy is, more likely than not, above the jurisdictional threshold. Defendant employs the following logical sequence in support of its position: (1) in *Gernhart I*, at the final pretrial conference held before the Court on March 28, 2006, Plaintiffs submitted a Joint Final Pretrial Order in which it claimed damages in the amount of $93,040.16, an amount above the jurisdictional threshold of $75,000; (2) although *Gernhart I* is a different case than the present one, the claim for which $93,040.16 was sought in *Gernhart I* (violation of the MCPA) is identical to the claim brought in the present action (i.e., Count III of the Amended Complaint in *Gernhart I*, entitled "Violation of Michigan Consumer Protection Act," is, verbatim, the same as Count III of the present Complaint); (3) if Plaintiffs were seeking $93,040.16 in connection with Count III in the Amended Complaint in *Gernhart I*, they must also be seeking the same amount in Count III of the present Complaint, which contains identical language; (4) therefore, the amount in controversy more likely than not exceeds $75,000.

## B. Law

A civil case filed in state court may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a). A federal court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

4

costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. As succinctly stated by the Sixth Circuit,

> [a] defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Normally, "the sum claimed by the plaintiff[s] controls," *id*. at 156, but where plaintiffs seek "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000, *id*. at 158. In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal. Claims present when a suit is removed but subsequently dismissed from the case thus enter into the amount-in-controversy calculation. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

*Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Moreover,

> [t]he usual rule is that removability is determined from the record before the court at the time the notice of removal . . . is filed in federal court. The district court's inquiry cannot be limited to the complaint, as it often can be when removal is based on federal question jurisdiction, because certain matters critical for determining diversity jurisdiction, such as the citizenship of the parties or the amount in controversy, may not appear in the state court complaint.

14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 3723, pp. 690-694 (4th ed. 2009) (footnotes omitted).

Moreover, according to Wright and Miller, where the damages sought by the plaintiff in a case are unspecified, "[s]ome federal courts allow the defendant to ask the plaintiff to confirm or deny whether more than the required jurisdictional amount is at stake in the litigation." 14AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3702, pp. 53-54 (2009) (citing, among other cases, *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1997) ("when facing indeterminate claims, several courts have held that the court may consider a stipulation filed by the plaintiff that the claim does not exceed [the

jurisdictional amount]"; but the stipulation would be "irrelevant" "if the court can find the amount in controversy from the face of the complaint")).

### C. Discussion

As noted above, Plaintiffs have stipulated on the record that they are seeking less than the jurisdictional threshold in this case and that they are willing to be bound by this stipulation going forward. Defendant stated at oral argument that this is a new case. Thus, none of the pleadings or statements regarding the previous case are relevant to the Court's instant decision. What is presently before the Court are state law claims and a claim for damages of less than $75,000. Accordingly, the Court will remand this matter pursuant to the authority discussed in the preceding paragraph. *See* 14AA Wright, Miller & Cooper § 3702, pp. 53-54 (where the damages sought by the plaintiff in a case are unspecified, as they are here inasmuch as the Complaint seeks damages "in excess of $25,000," "[s]ome federal courts allow the defendant to ask the plaintiff to confirm or deny whether more than the required jurisdictional amount is at stake in the litigation); *Gwyn*, 955 F. Supp. at 46 (when facing indeterminate claims, courts may consider a stipulation filed by the plaintiff that the claim does not exceed the jurisdictional amount if the amount in controversy cannot be gleaned from the face of the complaint).

## IV. ORDER

For the reasons discussed above, Plaintiffs' Motion to Remand is granted. This case is remanded to Oakland County Circuit Court.

SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: February 23, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 23, 2010.

S/Denise Goodine
Case Manager