UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDY GERNHART, et al.,

                Plaintiffs,              Civil Action No.
                                                   09-CV-14085

vs.

                                                  PAUL D. BORMAN

WINNEBAGO INDUSTRIES, INC.,        UNITED STATES DISTRICT JUDGE

                Defendant.
_____/

## **OPINION AND ORDER DENYING PLAINTIFFS' PETITION FOR COSTS AND ATTORNEY FEES**

Now before the Court is Plaintiffs' Petition for Costs and Attorney Fees [docket entry 19]. On February 23, 2010, the Court entered an Opinion and Order remanding this case to Oakland County Circuit Court.[1] *See* docket entry 17. Plaintiffs now seek costs and attorney fees, pursuant to 28 U.S.C. § 1447(c), in the amount of $11,796.13.

According to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has shed light on when costs and expenses may properly be awarded. In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139-141 (2005), the Supreme Court recognized that this determination would have important implications on a party's decision to seek removal. On the one hand, "[i]f fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove [is] obvious." *Id*. at 140. On the other hand,

---

[1] The Court will assume the parties' familiarity with this Opinion and Order.

1

> [t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.

*Id*. Indeed, the Court noted that the test must strike a delicate balance:

> [t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Therefore, the Court held that a district court may, in its discretion, award costs and expenses "where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 139-141.

As explained on page 4 of this Court's February 23, 2010, Opinion and Order, Defendant removed this case based on the amount purported to be at issue in *Gernhart I*. The Court ultimately concluded that "none of the pleadings or statements regarding [*Gernhart I*] are relevant to the Court's . . . decision [to remand the present case]." Docket entry 17, p. 6. However, under the unique circumstances of this case, the Court finds that it was not objectively unreasonable for Defendant to argue that the pleadings and statements in *Gernhart I* are relevant here given that both cases are nearly identical.[2] Accordingly, Plaintiffs' Motion for Costs and Attorney Fees is denied.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

---

[2] In fact, as the Court noted in its February 23, 2010, Opinion and Order, Count III of the Complaint in the present case is, verbatim, the same as Count III of the Amended Complaint in *Gernhart I*.

2

Dated: March 1, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 1, 2010.

                                                s/Denise Goodine
                                                Case Manager